UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DAVID OWENS HOOPER, | ) | |
| Petitioner, | ) | 3:11-cv-00221-LRH-VPC |
| vs. | ) | |
| | ) | **ORDER** |
| E.K. McDANIEL, *et al.,* | ) | |
| Respondents. | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court are several motions and notices filed by petitioner concerning the court's denial of counsel and the alleged non-compliance of prison officials with court's copywork order.

Petitioner moves for leave to appeal the court's order denying him counsel and for a stay of this case while he pursues that appeal. (ECF Nos. 14, 15, 18.) "An interlocutory order denying a motion for appointment of counsel in a habeas proceeding . . . is not appealable." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Accordingly, petitioner's motions for an interlocutory appeal and stay during that appeal are denied.

In its order issued May 12, 2011, the court ordered that petitioner shall have $25.00 of copywork for the purpose of drafting and filing a first amended petition. The court admonishes prison officials that failing to comply with its orders may result in sanctions. The court reiterates that the prison shall allow petitioner $25.00 of copywork as ordered on May 12, 2011.

At the same time, the court cautions petitioner that the $25.00 of copies shall only be used for

compiling a first amended petition in this habeas corpus action.  Petitioner may not use this copy credit for filings in civil rights cases or to copy any further frivolous motions in this case.  As stated in the court's May 12, 2011 order, petitioner must file a petition that is a complete document in itself that does not incorporate by reference content from documents not before the court in this case.  To proceed in this case, the court reminds petitioner that he must file a complete and coherent petition stating grounds cognizable in a habeas corpus action.  While the court has allowed petitioner a certain amount of copy credit to accomplish this task, petitioner may create his own duplicates by hand as an alternative.  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires this court to conduct a preliminary screening of the petition before respondents will be ordered to respond to the petition.  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."  *Id*.  Thus, it is in petitioner's best interest to file a clear and coherent petition to withstand such review.  Again, the court informs petitioner that his failure to timely file a first amended petition may result in dismissal.

**IT IS THEREFORE ORDERED** that petitioner's motions for leave to take an appeal and motion for stay (ECF Nos. 14,15, 18) are **DENIED.**

**IT IS FURTHER ORDERED** that respondents' failure to comply with orders of the court regarding copies may result in sanctions.

Dated, this 30th day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2