# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID OWENS HOOPER, | ) |
| Petitioner, | ) 3:11-cv-00221-LRH-VPC |
| vs. | ) |
| E.K. McDANIEL, *et al.*, | ) **ORDER** |
| Respondents. | ) |

This is a habeas corpus case pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court are several motions from petitioner (ECF Nos. 41, 43, 44, 45, 46, 50, 51, 56, 65, 69, 70, 74, 75, 80, 81 ) and respondents' motion to dismiss (ECF No. 59).[1] Petitioner has opposed the motion to dismiss (ECF No. 67) and has filed a supplement to his opposition. (ECF No. 69).[2]

**I. Jurisdiction**

Before turning to the pending motions, the court addresses whether it retains jurisdiction after petitioner's notice of appeal filed August 3, 2012.

Generally, the filing of a notice of appeal divests a district court of jurisdiction over those aspects

---

[1] Concurrent with their motion to dismiss, respondents' filed a motion for leave to file excess pages. (ECF No. 58.) The court grants this motion and considers the motion to dismiss in its entirety.

[2] The court construes petitioner's motion for leave to supplement (ECF No. 69) as seeking leave to file a supplement to his opposition to the motion to dismiss. The court grants the motion and considers the argument presented by petitioner in ruling on the motion to dismiss.

of the case involved in the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). However, when a notice of appeal "is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) (citation omitted). Thus, where the deficiency in a notice of appeal "is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby v. Secretary of the Navy*, 365 F.2d 385, 388-89 (9th Cir. 1996). In short, "[f]iling an appeal from an unappealable decision does not divest the district court of jurisdiction." *U.S. v. Hickey*, 580 F.3d 922, 928 (9th Cir. 2009).

In this case, it is clear that petitioner's notice of appeal is defective. Petitioner's notice of appeal is not an appeal from an order of this court, but rather, appears to be an appeal based on petitioner's assumption that the court has decided in favor of respondents without notifying him. This is incorrect. Therefore, because petitioner's notice of appeal is clearly defective, this court retains jurisdiction to consider the pending motions.

**II.     Procedural History and Background**

On February 6, 2007, the State of Nevada filed an amended information in the Seventh Judicial District Court for the State of Nevada ("District Court") charging petitioner with one count of possession or control of a dangerous weapon or facsimile by an incarcerated person. (Exhibits to Mot. to Dismiss Ex. 17.)[3] After a jury trial, where petitioner represented himself with stand-by counsel, the jury returned a verdict finding petitioner guilty. (*Id*. Ex. 45.) On July 23, 2007, the District Court sentenced petitioner to 19 to 48 months in the Nevada Department of Corrections and entered its judgment of conviction. (*Id*.) Petitioner appealed. (*Id*. Ex. 46.) On March 4, 2009, the Nevada Supreme Court affirmed petitioner's conviction. (*Id*. Ex. 49.)

On September 21, 2009, petitioner filed a post-conviction petition in state District Court. (*Id*.

---

[3]     The exhibits referenced in this order are found in the court's record at ECF Nos. 59-63, and 86 which were filed in support of respondents' motion to dismiss.

Ex. 51.) The District Court denied the petition on October 15, 2010. (*Id*. Ex. 56.) Petitioner appealed the District Court's denial of post-conviction relief. (*Id*. Ex. 57.) On March 17, 2011, the Nevada Supreme Court affirmed the District Court's denial of petitioner's post-conviction petition. (*Id*.) Remittitur issued on April 14, 2011. (ECF No. 86.)

Petitioner dispatched his federal petition for writ of habeas corpus to this court on March 24, 2011. (ECF No. 11.) With leave of the court, petitioner dispatched a first amended petition for writ of habeas corpus on July 17, 2011.[4] (ECF No. 31.)

### III. Statute of Limitations

Respondents argue that the first amended petition is untimely and that those claims that do not relate back to the original petition cannot be considered by the court.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

>    (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through

---

[4] Pursuant to the "prison mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, petitioner signed his first amended petition for writ of habeas corpus on July 17, 2011, which is the first date he could have mailed or handed his petition to a correctional officer for mailing to this court. Thus, in ascertaining the timeliness of the first amended petition, the court deems the petition filed as of July 17, 2011.

3

>     the exercise of due diligence.
>
>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations began to run on the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. In this case, the District Court entered its judgment of conviction on July 23, 2007. The Nevada Supreme Court's order of affirmance on direct review was issued on March 4, 2009. Petitioner had ninety days from that date, until June 2, 2009, to seek certiorari with the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1158-60 (9th Cir. 1999). Petitioner's conviction became final on June 2, 2009, which is 90 days after the Nevada Supreme Court issued its order of affirmance. United States Supreme Court Rules, Rule 13(1). The AEDPA one-year statute of limitations began to run on June 3, 2009. Petitioner had until June 3, 2010, to file his federal habeas petition, unless time was otherwise tolled by federal statute.

Under 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a post-conviction petition remains pending in state court, so long as the petition is "properly filed." In this case, petitioner filed his petition for post-conviction relief in state court on February 18, 2010. After affirming the District Court's denial of the first post-conviction petition on March 17, 2011, the Nevada Supreme Court issued its remittitur on April 14, 2011. Thus, the statute of limitations was tolled while petitioner's post-conviction petition was pending—from February 18, 2010, until April 14, 2011.

Respondents maintain that statutory tolling under § 2244(d)(2) ended on the date of the March 17, 2011 order of affirmance rather than on the date of remittitur. This is incorrect. The state post-conviction petition was clearly "pending" for purposes of § 2244(d)(2) through the issuance of the remittitur. *See,e.g., Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005); *Tillema v. Long*, 253 F.3d 494, 497, 502 (9th Cir. 2001) (abrogated in part on other issues by later case authority); *see also Sullivan v. Wevins*, 283 Fed. Appx. 574, 2008 WL 2566743 (9th Cir. 2008) (unpublished) (keying on remittitur date with regard to tolling issues).

In sum, from June 3, 2009, until February 18, 2010, 260 days elapsed. From April 15, 2011,

4

until July 17, 2011—the date the first amended petition is deemed filed in this court—93 days elapsed. Therefore, 353 days of the 365-day statute of limitations elapsed before petitioner filed his first amended petition. Accordingly, because the first amended petition was filed within the one-year AEDPA statute of limitations, the court denies respondents' motion to dismiss those claims in the first amended petition that do not relate back to the original petition.

**IV.    Procedural Default**

Respondents contend that grounds 1-6, 9, 10, 11, 12, 13, and 16 are procedurally defaulted. Respondents argue that the Nevada Supreme Court held that these grounds were barred by Nev. Rev. Stat. § 34.810(1)(b)(2).

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause

requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

Here, the court agrees with respondents that petitioner raised grounds 1-6, 9, 10, 11, 12, 13, and 16 of his first amended federal petition in his state post-conviction petition. (*See* Exhibits to Mot. to Dismiss Ex. 51.) Specifically, petitioner raised federal grounds 1-6 as state grounds 1-3, federal ground 9 as state ground 7, federal ground 10 as state ground 4, and federal ground 11 as state ground 29. Petitioner raised federal ground 12, and its 15 sub-parts, as corresponding state grounds 1, 2, 3, 7, 10, 14, 15, 19, 20, 90, 26, 9, 1, 87, 88, 90 (federal ground 12, sub-part 14, raised as state grounds 87, 88, and 90), and 76. Petitioner raised federal ground 13, and its 15 sub-parts, as corresponding state grounds 1, 2, 3, 6, 5, 14, 12, 15, (federal ground 13, sub-part 4, raised as state grounds 12 and 15), 21, 20, 61, 26, 9, 52, 57, 58, 59 (federal ground 13, sub-part 14, raised as state grounds 57-59) and 76. Petitioner raised all nine claims asserted in federal ground 16 as corresponding state grounds 10, 4, 13, 14, 15, 25, 26, 21, 70, 71, 73, and 75.

After the District Court denied post-conviction relief, petitioner appealed to the Nevada Supreme Court. In affirming the District Court's denial of post-conviction relief, the Nevada Supreme Court held that the claims raised by petitioner should have been raised in his direct appeal, and therefore, his petition was procedurally barred under Nev. Rev. Stat. § 34.810(1)(b). (*Id.* Ex. 57.) The Nevada Supreme Court concluded that petitioner failed to demonstrate good cause or prejudice and that the District Court did not err in denying post-conviction relief. (*Id.*) The Nevada Supreme Court explicitly

relied on Nev. Rev. Stat. § 34.810 as a procedural bar when it declined to review the claims in the post-conviction petition. (*Id.*). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case – Nev. Rev. Stat. § 34.810 – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Therefore, this court finds that the Nevada Supreme Court's holding that all claims asserted in petitioner's state post-conviction petition are procedurally barred under Nev. Rev. Stat. § 34.810(1)(b) was an independent and adequate ground for the court's dismissal.

However, with respect to one claim in ground 9 and two claims in ground 16, the court concludes that despite the Nevada Supreme Court's imposition of a procedural bar, these three claims are nevertheless not procedurally defaulted because the Nevada Supreme Court reached the merits of the claims on direct appeal. The subsequent application of a state procedural bar to claims that previously were considered on the merits in the state courts does not give rise to a procedural default in the federal courts. *See Cone v. Bell*, 556 U.S. 449, 466 (2009). In ground 9, petitioner claims, in part, that he was denied his Fourteenth Amendment right to be free from impermissible burden shifting from the prosecution. Petitioner alleges that when he was questioned by the prosecutor at trial about the fingerprint evidence, or lack thereof, the prosecutor unconstitutionally shifted the burden of proof. This claim corresponds to direct appeal claim 3, which was addressed on the merits by the Nevada Supreme Court. (Exhibits to Mot. to Dismiss Ex. 46, Ex. 49.) In ground 16, petitioner claims, in part, that the trial court (1) unconstitutionally denied his ability to present a complete defense when it prohibited the admission of rebuttal and impeachment exhibits, and (2) unconstitutionally denied him subpoenas. These two claims correspond to direct appeal claims one and two, which were addressed on the merits by the Nevada Supreme Court. (*Id.*) Thus, the court denies respondents' motion to dismiss the above three claims as procedurally barred because they were addressed on the merits on direct appeal.

With respect to the procedurally defaulted grounds, as discussed above, if a claim is procedurally defaulted, federal habeas review of the claim is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at

750. Here, in his supplement to his opposition (ECF No. 69), petitioner appears to argue that the ineffective assistance of his appellate counsel constitutes cause and prejudice and that a fundamental miscarriage of justice will result if the court does not consider his claims.

First, the ineffective assistance of petitioner's appellate counsel cannot constitute cause because that claim is unexhausted. As mentioned previously, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. In this case, petitioner failed to present any ineffective assistance of counsel claims to the Nevada Supreme Court. Thus, the argument petitioner advances to overcome the procedural default of grounds grounds 1-6, 9, 10, 11, 12, 13, and 16 is unexhausted because it was not presented to the state courts. Because an unexhausted claim of ineffective assistance of counsel cannot establish cause, petitioner fails to show cause for the procedural default.

Second, petitioner argues that the court's failure to consider the grounds in his petition will result in a fundamental miscarriage of justice. A petitioner can avoid the application of the procedural default doctrine by demonstrating that the federal court's failure to consider his claims will result in a fundamental miscarriage of justice. To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray*, 477 U.S. at 496). "Actual innocence" is established when, in light of all of the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id*. Petitioner can make a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup*, 513 U.S. at 324.

Petitioner does not support his allegations of actual innocence with new reliable evidence going to his factual innocence of the crime. Accordingly, petitioner fails to show that his is one of the rare cases where his actual innocence allows this court to reach his otherwise procedurally defaulted claims. Accordingly, the court grants in part and denies in part respondents' motion to dismiss grounds 1-6, 9, 10, 11, 12, 13, and 16 as procedurally defaulted.

## V. Failure to State a Claim

Respondents argue that grounds 14, 15, and 17 fail to state cognizable claims.

In federal habeas petitions, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief. *Mayle v. Felix*, 545 U.S. 644, 649 (2005); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). Conclusory allegations not supported by specific facts are subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). *Pro se* pleadings, however, must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In ground 14, it appears that petitioner claims that his Fourteenth Amendment right to "nonconvoluted due process" was violated when the trial court denied his post-conviction petition based on the claims being procedurally barred. Petitioner alleges that the Nevada Supreme Court's affirmance of the trial court's dismissal shows an ongoing criminal conspiracy with regard to the state exhaustion process.

In ground 15, it appears that petitioner claims that his constitutional rights were violated when, during post-conviction proceedings, the trial court denied his motion for the return of documents that had been seized by prison officials. Petitioner alleges that without the documents, he was unable to present necessary argument during post-conviction proceedings.

In ground 17, it appears that petitioner claims that his constitutional rights were violated when prison officials conspired to seize all of his property. Petitioner alleges that he was denied his right to appeal his unlawful criminal conviction because without his property, he was unable to show in his post-conviction proceedings that he was wrongfully convicted.

"[F]ederal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings." *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998); *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) (holding that alleged errors in the state post-conviction review process are not addressable through habeas corpus proceedings). Accordingly, the court dismisses grounds 14, 15, and 17 because they address errors in the state post-conviction process, and thus, they fail to state a cognizable claims.

///

### VI. Petitioner's Motions

Petitioner moves for respondents' counsel and the court to recuse from this case. Petitioner argues respondents' counsel is a "member of a government criminal syndicate" and that the court is biased because it denied petitioner's motion for leave to file an interlocutory appeal. (ECF No. 41.) The court denies the motion. Petitioner fails to adequately show that respondents' counsel has participated in criminal activity that precludes his representation of respondents in this matter. Additionally, petitioner fails to make the adequate showing that the court should recuse because of bias. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (explaining that opinions formed in the course of judicial proceedings "almost never constitute a valid basis for a bias or partiality motion" and can only do so "in the rarest circumstances" where the opinions reveal "a deep-seated favoritism or antagonism that would make fair judgment impossible").

Petitioner has filed a motion for his case file and transcripts from state court (ECF No. 43) and for additional copywork to provide the court with documents from state court (ECF No. 45). The court denies these motions as moot because respondents produced the state-court record in support of their motion to dismiss.

Petitioner his filed a motion entitled "motion for interlocutory collateral decision on state comity." (ECF No. 44.) In the motion, petitioner argues that this court is without jurisdiction because of a November 16, 2010 complaint he filed with the Nevada Attorney General. (ECF No. 44.) This court has jurisdiction over the instant petition under 28 U.S.C. § 2254 because petitioner is in custody pursuant to the judgment of a state court and his claims argue that his custody is in violation of the United States Constitution. Petitioner's November 16, 2010 complaint does not affect whether the court retains jurisdiction. Thus, the court denies petitioner's motion.

Petitioner moves for the appointment of counsel. (ECF No. 46.) Petitioner has also filed a motion to supplement his motion for counsel. (ECF No. 65.) The court grants the motion to supplement and considers petitioner's argument within the supplement in determining whether counsel should be appointed. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th

Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The claims in this case are not especially complex, and petitioner has shown that he is capable of presenting his claims and arguments in a relatively clear and organized fashion. Accordingly, the court concludes that counsel is not justified in this case and denies the motion.

Petitioner moves for a copy of his amended petition (ECF No. 50) and for a copy of the docket sheet (ECF No. 81). The court grants the motions and will order the clerk to send petitioner one copy of his amended petition and one copy of the docket sheet.

Petitioner has filed a motion to file a corrected version of ECF No. 39. (ECF No. 51.) The corrected document is entitled "judicial notice, malicious prosecution claim and charge pendente lite." As an initial matter, to the extent the corrected document is a motion, it is devoid of a legal basis from the Federal Rules of Civil Procedure or other legal source. To the extent petitioner seeks to supplement his petition with this document, the court denies the motion because the content contained in the document is duplicative of the allegations in the first amended petition. Thus, the court denies petitioner's motion to file a corrected version of ECF No. 39.

Petitioner has filed two motions to supplement his petition. (ECF Nos. 56, 70.) Under 28 U.S.C. § 2254 R. 11, the Federal Rules of Civil Procedure are applicable to habeas petitions to the extent they are not inconsistent with the Habeas Rules. *Morrison v. Mahoney*, 399 F.3d 1042, 1046 n. 5 (9th Cir. 2005). A party may amend its pleading at any time during a proceeding either with the opposing party's written consent or with the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. In considering whether to grant or deny leave to amend, a court may "take into consideration such factors as 'bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings.'" *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). An amendment is futile if the claim is untimely, unexhausted, procedurally defaulted, or the legal basis for the claim is

tenuous. *See Caswell v. Calderon*, 363 F.3d 832, 837 (9th Cir. 2004); *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002); *Mansion v. Clark*, No. CV 09-1494 GW (MRW), 2012 U.S. Dist. LEXIS 92414, at * 9-10 (C.D. Cal. June 11, 2012). Futility of amendment, by itself, can justify denial of leave to amend a habeas petition. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

The court denies both of petitioner's motions to supplement because the court has previously given petitioner leave to amend his petition and the proposed grounds with which he seeks to supplement his petition are either duplicative of grounds in his first amended petition, unexhausted, or procedurally defaulted. In ECF No. 56, proposed grounds 1-4 are duplicative of grounds 2, 6, 12 subpart 6, and 12 subpart 7 in the first amended petition. As discussed above, these grounds are procedurally defaulted. Proposed ground 7 is duplicative of grounds 2, 6, and 12 subparts 4-7. These grounds are also procedurally defaulted. Proposed grounds 5, 6, and 8 are unexhausted. Petitioner failed to raise any claims of judicial discrimination or the ineffective assistance of his appellate counsel in state court. In ECF No. 70, petitioner seeks to assert a proposed claim that is procedurally defaulted. It appears that petitioner raised this proposed ground in his state post-conviction petition as ground 29. As discussed above, all grounds petitioner asserted in his state post-conviction petition are procedurally defaulted, save for the three claims previously addressed on the merits, and petitioner fails to show either cause and prejudice or a fundamental miscarriage of justice in order to avoid the default. Thus, the court concludes that because it has previously given petitioner leave to amend his petition and the grounds that petitioner seeks to assert in his supplements are duplicative or futile, it denies his motions to supplement.

Last, petitioner requests status checks of this case. (ECF Nos. 74, 75.) The court denies these motions as moot because the instant order rules on all pending motions and sets a briefing schedule for the remaining grounds in the first amended petition. Petitioner also moves for this court to address his petition in an expedited manner. (ECF No. 80.) The court denies the motion. Once the parties have briefed the remaining grounds on the merits, the court will address the petition in due course.

### VII. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion for leave to file excess pages (ECF No. 58) is **GRANTED.** The court considered the motion to dismiss in its entirety.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to supplement (ECF No. 69)

is **GRANTED.** The court considered petitioner's argument contained in ECF No. 69 in ruling on the motion to dismiss.

**IT IS FURTHER ORDERED** that petitioner's motion for recusal (ECF No. 41), petitioner's "motion for interlocutory collateral decision on state comity" (ECF No. 44), petitioner's motion for the appointment of counsel (ECF No. 46), petitioner's motion to file a corrected version of ECF No. 39 (ECF No. 51), petitioner's motions to supplement his petition (ECF Nos. 56, 70), and petitioner's motion to expedite (ECF No. 80) are **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for his case file and transcripts from state court (ECF No. 43), motion for additional copywork to provide the court with documents from state court (ECF No. 45), and motions for status check (ECF Nos. 74, 75) are **DENIED as moot.**

**IT IS FURTHER ORDERED** that petitioner's motion to supplement his motion for the appointment of counsel (ECF No. 65) is **GRANTED.** The court considered petitioner's argument contained in ECF No. 65 in ruling on his motion for the appointment of counsel.

**IT IS FURTHER ORDERED** that petitioner's motion for a copy of his amended petition (ECF No. 50) and petitioner's motion for a copy of the docket sheet (ECF No. 81) are **GRANTED.** The clerk **SHALL SEND** petitioner one copy of his first amended petition (ECF No. 31) and one copy of the docket sheet for this action.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 59) is **GRANTED in part and DENIED in part.** Grounds 1-6, 10, 11, 12, and 13 of the first amended petition are **DISMISSED in their entirety** as procedurally defaulted. All claims in ground 9, except for the claim that the prosecutor committed misconduct by shifting the burden of proof with questions regarding fingerprint evidence, are **DISMISSED** as procedurally defaulted. All claims in ground 16, except for the claims that the trial court (1) unconstitutionally denied petitioner's ability to present a complete defense when it prohibited the admission of rebuttal and impeachment exhibits, and (2) unconstitutionally denied petitioner subpoenas, are **DISMISSED** as procedurally defaulted. Grounds 14, 15, and 17 of the first amended petition are **DISMISSED** as failing to state claims cognizable in a habeas corpus action.

///

**IT IS FURTHER ORDERED** that this action **SHALL PROCEED** only on the following grounds of the first amended petition:

- ground 7;
- ground 8;
- the claim in ground 9 that the prosecutor committed misconduct by shifting the burden of proof with questions regarding fingerprint evidence;
- and the two claims in ground 16 that the trial court (1) unconstitutionally denied petitioner's ability to present a complete defense when the it prohibited the admission of rebuttal and impeachment exhibits, and (2) unconstitutionally denied petitioner subpoenas of the first amended petition.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** from the date of entry of this order within which to answer the petition.

**IT IS FURTHER ORDERED** that petitioner shall have **forty-five (45) days** after service of the answer to file and serve a reply.

DATED this 13th day of September, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE