# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAVID OWENS HOOPER,

   Petitioner,

vs.

E.K. MCDANIEL, *et al.*,

   Respondents.

3:11-cv-00221-LRH-VPC

**ORDER**

On September 14, 2012, the court granted in part respondents' motion to dismiss many claims in this petition as untimely, procedurally barred or for failure to state a claim for which habeas relief may be granted (ECF #87). Before the court is plaintiff's motion for district judge to reconsider the order granting the motion to dismiss (ECF #89).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed

>or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the order of September 14, 2012, the court granted respondents' motion to dismiss the petition in part because many of the claims were procedurally barred or failed to state claims cognizable in a habeas corpus action (ECF #87). Petitioner has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order granting the motion to dismiss his petition should be reversed.

Next, petitioner has filed a motion for property restoration/non liabilities exemption (ECF #90). Petitioner appears to argue that prison personnel have confiscated some of his property, including certain documents that he would file in this matter as exhibits. The court has briefly reviewed respondents' answer to the petition (ECF #91), petitioner's reply (ECF #95-1), and the many exhibits on file (*see*, *e.g.*, ECF #s 59, 61-63). It appears to the court at this time that the parties have provided the documents necessary for a determination of the petition's merits. Of course, the court can direct respondents or both parties to supplement the record at a later date, as warranted.

**IT IS THEREFORE ORDERED** that petitioner's motion for district judge to reconsider order (ECF #89) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for property restoration order/nonliabilities exemption (ECF #90) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file belated reply (ECF #95) is **GRANTED**. The Clerk SHALL **DETACH** and **FILE** petitioner's reply (ECF #95-1).

DATED this 20th day of February, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3