UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID HOOPER,

    Petitioner,

vs.

ELDON K. MCDANIEL, *et al.*,

    Respondents.

3:11-cv-00221-LRH-VPC

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the Court on the merits of the first amended petition. (ECF No. 31).

**I. Procedural History**

On December 27, 2006, the State filed a criminal complaint in the Ely Township Justice Court charging petitioner with possession or control of a dangerous weapon by an incarcerated person, a violation of NRS 212.185. (Exhibit 2).[1] On January 22, 2007, petitioner waived a preliminary hearing. (Exhibit 3). On January 25, 2007, petitioner filed several pretrial motions in the state district court, including a motion to represent himself in his criminal proceedings. (Exhibits 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15).

On February 5, 2007, the State filed a criminal information, charging petitioner with the same violation of NRS 212.185 contained in the justice court complaint. (Exhibit 16). On February 6,

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 59-63.

2007, the State filed an amended criminal information, charging petitioner with the same violation of NRS 212.185 contained in the justice court complaint. (Exhibit 17).

On March 14, 2007, the state district court filed an order stating that on February 26, 2007, the court held a *Faretta* hearing. (Exhibit 33). The court's order granted petitioner's request to represent himself and appointed stand-by counsel. (*Id.*).

The trial took place on May 22-23, 2007. (Exhibit 42). The jury returned a guilty verdict against petitioner for possession of a dangerous weapon by a prisoner. (Exhibit 40, at p. 200). On July 23, 2007, the judgment of conviction was filed. (Exhibit 45). Petitioner was sentenced to a maximum term of 48 months in the Nevada Department of Corrections with parole eligibility after 19 months. (*Id.*). The sentence was to run consecutive to all prior terms of incarceration. (*Id.*).

On August 13, 2007, the trial court issued an order appointing the State Public Defender to represent petitioner on appeal. (Exhibit 1, at p. 4). Petitioner's opening brief was filed on March 27, 2008. (Exhibit 46). On March 4, 2009, the Nevada Supreme Court entered an order affirming the judgment of conviction. (Exhibit 49). Remittitur issued on March 31, 2009. (Exhibit 50).

On February 18, 2009, petitioner filed a post-conviction habeas petition in the state district court. (Exhibit 51). On October 15, 2010, the state district court entered a written order dismissing the post-conviction habeas petition. (Exhibit 56). Petitioner appealed. On March 17, 2011, the Nevada Supreme Court entered an order affirming the denial of the post-conviction state habeas petition. (Exhibit 57). Remittitur issued on April 12, 2011. (Exhibit 60).

On March 28, 2011, this Court received petitioner's federal habeas petition. (ECF No. 1). By order filed May 12, 2011, the Court directed petitioner to file an amended petition. (ECF No. 10). On July 21, 2011, petitioner filed his first amended petition. (ECF No. 31). On November 14, 2011, respondents moved to dismiss the first amended petition. (ECF No. 59). On September 14, 2012, this Court entered an order granting the motion in part, finding several grounds of the first amended petition to be procedurally defaulted. (ECF No. 87). The Court allowed the following claims of the first amended petition to proceed: (1) Ground Seven; (2) Ground Eight; (3) the claim in Ground Nine that the prosecutor committed misconduct by shifting the burden of proof with questions regarding fingerprint evidence; and (4) the two claims in Ground Sixteen that the trial

court (a) unconstitutionally denied petitioner's ability to present a complete defense when it prohibited the admission of rebuttal and impeachment exhibits; and (b) unconstitutionally denied petitioner subpoenas. (*Id.*). Respondents were directed to file an answer to these grounds of the first amended petition. (*Id.*). Respondents have filed an answer to the remaining grounds of the first amended petition. (ECF No. 91). Petitioner has filed a reply. (ECF No. 97). The Court now reviews the merits of the remaining grounds of the first amended petition.

## II. Federal Habeas Corpus Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)). The formidable standard set forth in section 2254(d) reflects the view that habeas corpus is "'a guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction

///

3

through appeal." *Harrington v. Richter*, 562 U.S. ___, ___, 131 S.Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409). In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

In a federal habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the burden set in § 2254(d) and (e) on the record that was before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1400 (2011).

**III. Discussion**

    **A. Grounds Seven and Eight**

In Ground Seven, petitioner alleges that the affidavit of Adam Endel in support of the criminal complaint contained perjured statements. Petitioner alleges that Endel swore that petitioner "had been convicted in the Nevada Courts of similar offenses while housed in the Ely State Prison, inter alia, 1990 to 2006." (ECF No. 31, at p. 25). Petitioner alleges that later, in a *Hymon* hearing, Endel testified that petitioner had not been convicted of any felony crimes while incarcerated at Ely State Prison. (*Id.*). Plaintiff's allegations in Ground Eight repeat the allegations of Ground Seven. (ECF No. 31, at pp. 27-28).

///

The claim raised in Grounds Seven and Eight of the federal petition must be dismissed because the claim was procedurally defaulted in the state courts, and is barred from review by this Court. "Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

The claim raised in Grounds Seven and Eight of the federal petition is the same claim that petitioner raised in Ground Two of this post-conviction state habeas petition. (ECF No. 31, at pp. 25, 27-28; Exhibit 51, at p. 16). The state district court denied Ground Two of the state petition as barred by NRS 34.810, because the claim could have been raised on direct appeal, but was not. (Exhibit 56, at p. 4). On appeal from the denial of petitioner's state habeas petition, the Nevada Supreme Court affirmed the state district court's decision, and found this claim, along with others asserted in the state post-conviction habeas petition, was procedurally defaulted. (Exhibit 57). The Nevada Supreme Court concluded that petitioner failed to demonstrate good cause or prejudice and that the district court did not err in denying post-conviction relief. (*Id.*). The Nevada Supreme Court explicitly relied on NRS 34.810, and found that: "Each of appellant's claims could have been raised in his direct appeal." (*Id.*). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case – NRS 34.810 – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v.*

5

*Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). This Court finds that the Nevada Supreme Court's holding that the claim in Grounds Seven and Eight was procedurally barred under NRS 34.810 was an independent and adequate ground for the court's dismissal.

If a claim is procedurally defaulted in state court, federal habeas review is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). This Court previously rejected petitioner's arguments regarding cause and fundamental miscarriage of justice. (ECF No. 87, at pp. 7-8). Petitioner has not asserted any reason for his failure to properly raise this claim on direct appeal. Petitioner has shown neither cause and prejudice, nor that failure to consider Ground Seven and Eight will result in a fundamental miscarriage of justice. This Court finds that the claim raised in Grounds Seven and Eight of the federal habeas petition was procedurally defaulted in state court. As such, Grounds Seven and Eight of the federal petition are barred from review by this Court, and are dismissed with prejudice.

**B. Ground Nine**

The remaining claim in Ground Nine of the federal petition alleges that the prosecutor committed misconduct by shifting the burden of proof during cross-examination regarding fingerprints on the knife. (ECF No. 31, at p. 30). The Nevada Supreme Court rejected this claim on direct appeal, holding:

> Fourth, Hooper argues that the prosecutor committed misconduct by attempting to shift the burden of proof. In particular, Hooper points to the prosecutor's inquiry when cross-examining Hooper as to whether he had requested that the weapon be tested for fingerprints. Hooper did not object to the questions. Accordingly, we may only review for plain error. See NRS 178.602; Green v. State, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). We are not convinced that there was plain error. Taken in context, the questions went to the credibility of Hooper's assertion during his direct testimony that he saw fingerprints on the weapon. But to the extent that the questions could be viewed as an attempt to shift the burden of proof, we conclude that Hooper has not demonstrated that the error affected his substantial rights given the

strength of the evidence against him.  See Green, 119 Nev. at 545, 80 P.3d at 95, 97.

(Exhibit 49, at p. 3).

In reviewing prosecutorial misconduct claims, the narrow issue that the federal habeas court may consider is whether there was a violation of due process, and not whether there was misconduct under the court's broad exercise of supervisorial power. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).  The test is whether the conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).  The Court must distinguish ordinary trial error of a prosecutor from that sort of egregious misconduct which amounts to a constitutional violation of due process. *Smith v. Phillips*, 455 U.S. 209, 221 (1982).  The question before the court is not whether misconduct denied a fair trial, but whether the state court's conclusion was an unreasonable application of clearly established federal law under 28 U.S.C. § 2254(d)(1). *See Frazier v. Huffman*, 343 F.3d 780, 793 (6th Cir. 2003).

Failure of counsel to object to misconduct implies that counsel did not discern any prejudice. *See Le v. Mullin*, 311 F.3d 1002, 1013 (10th Cir. 2002) (while not dispositive, failure to object is relevant on the issue of fundamental fairness).  Where a prosecutorial misconduct claim is waived for failure to object and request an admonition, such failure is a factor in the default of the claim. *Rich v. Calderon*, 187 F.3d 1064, 1070 (9th Cir. 1999).

In the instant case, the state trial court instructed the jury that the State bore the burden of proving every element of the crime beyond a reasonable doubt.  (Exhibit 42, at p. 190).  The Nevada Supreme Court found that the prosecutor's questioning went to petitioner's testimony that he saw fingerprints on the weapon.  (Exhibit 49, at p. 3).  The Nevada Supreme Court reviewed the claim for plain error and found none.  (*Id.*).  Moreover, this Court finds that the prosecutor's questioning did not shift the burden of proof and did not so infect the trial with unfairness as to make the resulting conviction a denial of due process. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986); *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling

was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Ground Nine of the federal habeas petition is denied.

### C. Ground Sixteen

Two claims in Ground Sixteen survived respondents' motion to dismiss: (1) a claim that the trial court unconstitutionally denied petitioner's ability to present a complete defense when it prohibited the admission of rebuttal and impeachment exhibits; and (2) that the trial court unconstitutionally denied petitioner's subpoenas for witnesses. (ECF No. 87, at p. 14).

#### 1. Denial of Exhibits

Federal habeas relief is generally not available to review questions about the admissibility of evidence. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The United States Supreme Court has held that a state's establishment of rules governing procedure and admission of evidence are not unconstitutional. *Taylor v. Illinois*, 484 U.S. 400, 410-11 (1988). The Ninth Circuit has held that, on habeas review, federal courts may not interfere with a state evidentiary ruling, but may only consider whether the evidence was so prejudicial that its admission violated fundamental due process and the right to a fair trial. *Fuller v. Roe*, 182 F.3d 699, 703 (9th Cir. 1999); *Windham v. Merkle*, 163 F.3d 1092, 1103 (9th Cir. 1998); *Jeffries v. Blodgett*, 5 F.3d 1180, 1192 (1993). Federal courts "are not a state supreme court of errors; [they] do not review questions of state evidence law. On federal habeas [the courts] may only consider whether the petitioner's conviction violated constitutional norms." *Jammal v. Van De Kamp*, 926 F.2d 918, 919 (9th Cir. 1991) (citing *Engle v. Issac*, 456 U.S. 107, 119 (1982)).

In this case, petitioner alleges that the trial court improperly excluded evidence, specifically, his own log book, "a daily record that I keep of what occurs around me." (Exhibit 42, at p. 165). The trial court rejected the admission of petitioner's log book, noting that it was a daily journal, starting from June and running through September. (*Id.*). "[T]he Court finds that it's not going to be admitted. He can testify about what he wants to, what happened on that day, but this is way burdensome on the record. It's accumulative, its hearsay, it's statements out of court, not offered against himself, so the court would exclude exhibit C [petitioner's log book] at this time." (*Id.*). The Nevada Supreme Court rejected petitioner's claim on direct appeal, as follows:

8

> Third, Hooper argues that the district court deprived him of his right to present evidence by excluding his log of cell searches and precluding him from asking a prison guard whether he had been in the prison when an inmate had been killed. As to Hooper's log, the district court excluded the evidence on hearsay grounds. See NRS 51.035; NRS 51.045. Hooper has not demonstrated that the district court abused its discretion in doing so. See Harkins v. State, 122 Nev. 974, 980, 143 P.3d 706, 709 (2006) (stating that court will not disturb trial court's findings that evidence fit exception to hearsay rule absent an abuse of discretion). As to the cross-examination of the prison guard, the district court sustained an objection based on relevance. See NRS 48.025(2). We are not convinced that the district court abused its discretion in excluding the testimony. See Atkins v. State, 122 Nev. 1122, 1127, 923 P.2d 1119, 1123 (1996) (stating that "[t]rial courts have considerable discretion in determining the relevance and admissibility of evidence" and therefore appellate court will not disturb trial court's decision absent a clear abuse of discretion).

(Exhibit 49, at pp. 2-3).

To the extent that the federal petition contests the trial court's exclusion of "exhibits," the only other exhibits submitted by petitioner which the trial court rejected was his Exhibit A. From the trial court transcript, Exhibit A appeared to be a collateral attack on petitioner's prior conviction. (Exhibit 42, at p. 159). The trial court sustained the State's objection to admit that document. (*Id.*, at p. 160). Evidence challenging a prior conviction was properly excluded from the jury as irrelevant, and the arguments and law presented above demonstrate that the state trial court's failure to admit the document is not a due process violation. Following guidance from the United States Supreme Court that criminal defendants are not given unfettered rights to present evidence that is "incompetent, privileged, or otherwise inadmissible under standard rules of evidence," the Nevada Supreme Court's rejection of petitioner's claim was not an objectively unreasonable application of federal law. *Taylor v. Illinois*, 484 U.S. 410. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The claim that the trial court improperly excluded evidence, found within Ground Sixteen of the federal habeas petition, is denied.

///

///

**2. Denial of Subpoenas**

Petitioner alleges that the state trial court denied him subpoenas. (ECF No. 31, at p. 54). From a review of the trial transcript, what occurred is that petitioner, representing himself, failed to request subpoenas from the clerk for his witnesses. (Exhibit 42, at pp. 146-150). The Nevada Supreme Court rejected petitioner's claim that he was denied subpoenas, as follows:

> Second, Hooper argues that the district court deprived him of his rights to due process and compulsory process by not providing him with subpoenas. Hooper was informed and acknowledged when he elected self-representation that he would be held to the same rules and procedures as an attorney. But Hooper did not comply with NRS 174.305, which provides for the court clerk to issue blank subpoenas to a party upon request. When this issue arose during trial, Hooper acknowledged that he had not complied with the statute. Under the circumstances, we conclude that the district court did not deprive Hooper of his rights to due process and compulsory process.

(Exhibit 49, at p. 2).

In this case, the trial transcript reveals that the clerk was willing to issue subpoenas for petitioner's witnesses. However, petitioner failed to notify the clerk that he wanted subpoenas issued for his witnesses. Nothing in the record demonstrates that petitioner contacted his stand-by counsel to have witnesses subpoenaed, or that he was denied assistance by stand-by counsel. The record demonstrates that petitioner wanted to represented himself; petitioner was twice admonished by the state court trial judge that he must follow the rules of procedure; and that petitioner admitted to the trial court that he failed to request subpoenas from the clerk of court. This Court finds that there was no constitutional violation stemming from the fact that petitioner failed to request witness subpoenas from the clerk. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The claim that the state trial court denied petitioner subpoenas, found within Ground Sixteen of the federal habeas petition, is denied.

///

///

### IV. Certificate of Appealability

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's denial of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

### V. Conclusion

**IT IS THEREFORE ORDERED** that the remaining grounds of the federal petition for a writ of habeas corpus are **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for a status check (ECF No. 98) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED this 23rd day of January, 2014.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE